UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND; IRON
WORKERS' HEALTH FUND OF EASTERN
MICHIGAN; IRON WORKERS LOCAL NO.
25 VACATION PAY FUND; and IRON
WORKERS' APPRENTICE FUND OF
EASTERN MICHIGAN, Trust Funds
Established and Administered Pursuant to
Federal Law,

          Plaintiff,

v.

MUNICIPAL & INDUSTRIAL STORAGE,
INC., a Michigan Corporation, and AL
LETTINGA, Individually,

          Defendants,

and

CHEMICAL BANK, A Michigan Banking
Corporation,

          Intervenor
          Defendants.
_____/

Paul D. Borman
United States District Judge

Case Number: 2:10-cv-12502-PDB-MKM

## ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This action comes before the Court on Plaintiffs' motion for partial summary judgment. (Dkt. No.14.)  Defendants have filed a response (Dkt. No. 22.), and Plaintiffs have filed a reply. (Dkt. No. 23.)  Oral arguments were heard on February 9, 2011 at 2:00 p.m.  For the following reasons, the Court GRANTS Plaintiffs' motion for partial summary judgment.

    **I.**       **Background**

Trustees of the Iron Workers' Local No. 25 pension Fund; Iron Workers' Health Fund of Eastern Michigan; Iron Workers' Local No. 25 Vacation Pay Fund; and Iron Workers' Apprentice Fund of Eastern Michigan (the "Funds" or "Plans," collectively "Plaintiffs") brought this action against Municipal & Industrial Storage, Inc. ("Municipal") and its owner, Al Lettinga ("Lettinga," collectively "Defendants"), pursuant to 29 U.S.C. §§ 1132(g)(2), 1145, and other provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001, *et seq*. (Pls.' Br. in Supp. of Mot. for Partial Summ. J. 1.) Plaintiffs allege that Defendants failed to pay fringe benefit contributions on behalf of individuals doing work covered by a collective bargaining agreement ("CBA") between Municipal and the Iron Workers' Local No. 25 Union (the "Union"). (*Id.*)

Defendants adopted the CBA the Union made with the Great Lakes Metal Building Erectors Association. (Pls.' Br. Ex. A, Signature Page.) Under the terms of the CBA, Municipal agreed to pay fringe benefit contributions by the 26th day of each month following the month Union members completed work for the company. (Ex. B, the CBA at 15.) Such contributions become vested Plan assets under the CBA when they become due. (*Id.*) At that point, the contributions "remain exclusively in the Trustees of the Fund." (*Id.*) The CBA also states that an employer who fails to make the required contributions agrees to pay liquidated damages and the cost of collecting the delinquent payments. (*Id.* at 17.) The liquidated damages are calculated by the Board of Trustees of the Fringe Benefit Funds and is based on the length of time the contributions have been due, the amount of the delinquency, and the administrative, accounting, and legal expenses associated with collecting the required contributions. (*Id.*) Additionally, the employer agrees to allow the Trustees to "perform an audit and to have access to such of the Employer's records as may be necessary to permit the Trustees to determine whether the Employer is complying fully with the provisions of this

Agreement regarding contributions." (*Id.* at 18.)

Plaintiffs allege, and Defendants do not dispute, that Municipal owes unpaid fringe benefit contributions from the week ending March 7, 2010 through the present. (Pls.' Br. 2; Defs.' Resp. 2.) Plaintiffs allege that Municipal owes at least $65,878.16 in unpaid contributions.[1] (Pls.' Br. 2; Ex. D, Reitzel Aff. ¶ 2.) Because Defendants do not dispute that they are liable to Plaintiffs for unpaid contributions, Plaintiffs have moved for partial summary judgment.[2] (Pls.' Br. 2.) In addition to a judgment for the amount of Defendants' deficiency, Plaintiffs also request that Municipal be ordered to allow Plaintiffs to perform an audit of its records, pursuant to the CBA, and to amend the judgment to include whatever additional delinquencies the audit uncovers as well as attorney's fees and costs under 29 U.S.C. § 1132(g)(2).

Although they do not dispute that they are liable for delinquent contributions, Defendants argue that the Court should not grant Plaintiffs' motion because "there exists genuine issues of fact surrounding who has a secured interest and priority in Defendant's revenue, Chemical Bank or Plaintiff's [sic]." (Defs.' Resp. 6.) Chemical Bank (the "Bank") has a security interest in Municipal's receivables, which it obtained as collateral on a line of credit it extended to Municipal. (*Id.* at 8.) Defendants state that recently, the Bank has informed them that it believes it has priority over any right Plaintiffs have to Defendants' receivables. Defendants submit that "[t]o whom the

---

[1] In their most recent filing (a reply to another motion for summary judgment they filed), Plaintiffs claim that this amount has risen to $120,000, and will continue to climb as long as Defendants refuse to pay their required contributions. (Dkt. No. 27 at 1.)

[2] It is only partial summary judgment because Plaintiffs do not move for summary judgment regarding their claim that Lettinga breached his fiduciary duty to the Funds by diverting Plan assets to be used for operating expenses. (Pls.' Br. 2.) That is the topic of Plaintiffs' second motion for summary judgment, addressed in a separate order.

3

Defendant is responsible to make payment to first and who has a priority in its revenues is a material fact that could alter the way this matter is resolved." (*Id.* at 9.) Furthermore, Defendants accuse Plaintiffs of interfering with their relationships with general contractors. (*Id.* at 2.) Apparently, contractors are unwilling to pay Defendants because of the "threatening letters and the collection efforts employed by the Plaintiffs." (*Id.*)

Plaintiffs contend that this argument is misleading and inaccurate. Plaintiffs explain, "[i]n order to get paid on any of its construction jobs, Municipal is required to supply a sworn statement indicating that its fringe benefits are up to date and that all labor costs, including fringes, incurred on that job have been satisfied."[3] (Dkt. No. 27, at 2.) Because Municipal was behind on its fringe benefit contributions, Plaintiffs admit that their counsel contacted some contractors. (*Id.*) Plaintiffs maintain, however, that this is their counsel's routine practice, and is customary of counsel working in the construction industry in Michigan. (*Id.*)

## II. Standard of Review

Summary judgment is only appropriate if there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 487 (6th Cir. 2006). When applying this standard, courts must view all materials, including all of the pleadings, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

---

[3] Plaintiffs do not direct the Court to any authority for this rule, however, Defendants did not dispute this claim in their briefs or during oral argument.

4

U.S. 574, 587 (1986).

The moving party bears the responsibility of establishing no issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *Id.* at 324. The non-moving party must do more than show that there is some abstract doubt as to the material facts. It must present significant probative evidence the issue exists in order to defeat a motion for summary judgment. *See Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

**III.    Discussion**

For the following reasons, the Court grants Plaintiffs' motion for partial summary judgment. Defendants do not deny that they are liable for the delinquent fringe benefit contributions they have not paid to Plaintiffs. (Defs.' Resp. 2.) Accordingly, the only issue that remains is how much Defendants owe.

Plaintiffs allege that Defendants are liable for at least $65,878.16 in unpaid contributions.[4] (Pls.' Br. 2; Ex. D, Reitzel Aff. ¶ 2.) Although Defendants at one point state that they dispute this amount (Defs.' Resp. 2), they do not indicate why Plaintiffs' accounting is incorrect, do not propose a different number, and do not mention this contention after the second paragraph in their response. Accordingly, the Court finds Defendants have not raised a genuine issue of material fact regarding the amount of their delinquency. Instead, Defendants claim a genuine issue of material fact exists because another creditor, the Bank, also claims an interest in Defendants' receivables, and "who has

---

[4] As indicated earlier, in their most recent filing, Plaintiffs claim that this amount has risen to $120,000, and will continue to grow until Defendants meet their obligations. (Dkt. No. 27 at 1.)

a priority in its revenues is a material fact that could alter the way this matter is resolved." (Defs.' Resp. 9.)

The Court disagrees. The Bank's claim to Defendants' receivables has no impact on whether or not Defendants are liable to Plaintiffs for delinquent fringe benefit contributions, or how much they owe. As Plaintiffs correctly point out in their reply brief, the order in which Defendants' creditors get paid is a post-judgment issue that may arise when Plaintiffs attempt to enforce any judgment the Court awards. (Pls.' Reply 2.) Even if the Bank has a superior claim to Municipal's assets, that fact would not permit a reasonable jury to return a verdict on the issue or amount of liability in Defendants' favor, and therefore it is not a genuine issue of material fact. *See Plumbers Local 98 Defined Ben. Pension Fund v. M & P Master Plumbers of Mich., Inc.*, 608 F. Supp. 2d 873, 876 (E.D. Mich. 2009).

Plaintiffs also argue that they are entitled to costs, attorney's fees, and interest on the unpaid contributions under ERISA and the CBA. Additionally, Plaintiffs request that they be allowed to perform an audit of Municipal's records to determine any further deficiencies Defendants owe. The Court finds that Plaintiffs are entitled to these requests. The CBA states that "[t]he Employer agrees to pay costs and expenses of collection of contributions," as well as permit plan trustees with access to its records so that they may perform an audit to determine whether the Employer is complying fully with their agreement. (Pls.' Br. Ex. B at 18.) Plaintiffs are entitled to costs, interest, and reasonable attorney's fees under ERISA. *See* 29 U.S.C. § 1132(g)(2) (awarding plaintiffs suing under § 1145 for unpaid benefits, interest on those delinquent payments, costs, and reasonable attorney's fees). Plaintiffs qualify for costs and attorney's fees under section 1132(g)(2) because they are bringing suit pursuant to § 1145, which requires employers who enter into multi-employer

6

plans or collective bargaining agreements to make any contributions such plans or agreements require.  29 U.S.C. § 1145.

**IV      Conclusion**

For the foregoing reasons, Plaintiffs' motion for partial summary judgment is GRANTED. The Court orders:

(1) Judgment to be entered against Defendant Municipal in the amount of $65,878.16 for its unpaid contributions from the week ending March 7, 2010 through September 12, 2010;

(2) That, within 10 days of the date of entry of the Judgment, the Plaintiffs shall move to amend this Judgment to include the mandates of 29 U.S.C. § 1132(g)(2) upon further submission to the Court;

(3) That Municipal allow Plaintiffs to conduct an audit for all time periods through the present to determine all other contributions owed in accordance with the CBA;

(4) That, once the audit is completed, the Judgment may be amended to include any additional amounts owed upon further submission to the Court;

(5) That this Court retain jurisdiction of this Judgment until these orders are satisfied.

**SO ORDERED**.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 24, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 24, 2011.

                                    S/Denise Goodine
                                    Case Manager