**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION FUND; IRON
WORKERS' HEALTH FUND OF EASTERN
MICHIGAN; IRON WORKERS LOCAL NO.     Paul D. Borman
25 VACATION PAY FUND; and IRON       United States District Judge
WORKERS' APPRENTICE FUND OF
EASTERN MICHIGAN, Trust Funds        Case Number: 2:10-cv-12502-PDB-MKM
Established and Administered Pursuant to
Federal Law,

        Plaintiff,

v.

MUNICIPAL & INDUSTRIAL STORAGE,
INC., a Michigan Corporation, and AL
LETTINGA, Individually,

        Defendants,

and

CHEMICAL BANK, A Michigan Banking
Corporation,

        Intervenor
        Defendants.
_____/

## ORDER AMENDING JUDGMENT AGAINST DEFENDANTS

On March 24, 2011, this Court granted Plaintiffs' motions for summary judgment against Defendants Municipal & Industrial Storage, Inc. ("Municipal") and its president Al Lettinga ("Lettinga," collectively "Defendants") for unpaid fringe benefit contributions Defendants owed Plaintiffs for work completed between the weeks ending March 7, 2010 through October 3, 2010. (Dkt. Nos. 35 & 36.) The Court awarded Plaintiffs $96,275.17 in unpaid contributions and

$1,316.15 pursuant to a liquidated damages provision agreed upon by the parties.  (Dkt. No. 36 at 10.)  As part of the Judgement, the Court ordered that "within 10 days of the date of entry of the Judgment, the Plaintiffs shall move to amend this Judgment to include the mandates of 29 U.S.C. § 1132(g)(2) upon further submission to the Court."  (*Id.* at 11.)

On April 4, 2011, Plaintiffs moved to amend the Judgment and order Defendants to pay $118,563.04.  (Dkt. No. 38, Pls.' Mot. to Amend J. ¶ 11.)  That figure includes: (a) $96,275.17 in unpaid contributions for the period of the weeks ending March 7, 2010 through October 3, 2010; (b) $1,316.15 in liquidated damages; (c) $4,190.36 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(B);[1] (d) $4,190.36 in interest on the unpaid contributions pursuant to 29 U.S.C. § 1132(g)(2)(C)(i);[2] and (e) $12,591.00 in attorney fees and costs from June 15, 2010 through March 31, 2011.[3]  (Pls.' Mot. ¶ 11(A)-(E).)

For the following reasons, the Court holds Plaintiffs are entitled to only $117,246.89.  Section 1132(g)(2) provides that in a successful action brought by a fiduciary on behalf of a plan to enforce 29 U.S.C. § 1145 (governing delinquent contributions to benefit plans), the court shall award the plan: "(A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of – (i) interest on the unpaid contributions, or (ii) liquidated damages

---

[1] Attached to Plaintiffs' motion a memo dated April 4, 2010 from CPA Kenneth L. Slate of O'Brien, Rivamonte & Slate P.C., explaining how he calculated this interest amount.  (Pls.' Mot. Ex. B.)

[2] Plaintiffs attribute this portion of their demand to 29 U.S.C. § 1132(g)(2)(ii) in their brief, however, no such section exists.  Furthermore, the Court assumes Plaintiffs meant to cite section 1132(g)(2)(C)(i) as opposed to (ii) because the former awards the interest amount whereas the latter awards whatever the parties agreed to as liquidated damages.

[3] Plaintiffs' attorney, Matthew I. Henzi, submitted an affidavit testifying that Plaintiffs incurred attorney's fees of $11,970.00 and costs of $621.00.  (Pls.' Mot. Ex. A.)

provided for under the plan . . . , (D) reasonable attorney's fees and costs of the action . . . , and (D) such other legal or equitable relief as the court deems appropriate." § 1132(g)(2).

As § 1132(g)(2)(C) makes clear, Plaintiffs are not entitled to count the interest on the unpaid contributions *and* the liquidated damages provision towards its award. The Court shall only award the greater of those two numbers. Because the interest amount of $4,190.36 is greater than the liquidated damages amount of $1,316.15, Plaintiffs are entitled to the former, but not the later, under § 1132(g)(2)(C). Accordingly, the Court holds that under section 1132(g)(2), Plaintiffs are entitled to (A) $96,275.17, (B) $4,190.36, (C) $4,190.36, and (D) $12,591.00 for a total of $117,246.89.

**IT IS HEREBY ORDERED** that Judgment is entered against Defendants Municipal & Industrial Storage Inc. and Al Lettinga in the amount of $117,246.89.

S/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 11, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on April 11, 2011.

S/Denise Goodine  
Case Manager

3